IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2013 MAY 22  A 10: 39

**MICHAEL A. MCNEIL**                    *

    Plaintiff                              *   Civil Action No: ___WDQ 13 CV 1501

CLERK'S OFFICE
AT GREENBELT

    v.                                     *

**FEDERAL NETWORK SYSTEMS LLC** *

    Defendant                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**
**&**
**REQUEST FOR PERNMAMENT INJUCTION**

COMES NOW, the Plaintiff, Michael A. McNeil representing himself, and files
this Complaint & Request for Permanent Injunction against Federal Network Systems,
LLC and asks this court to consider the following:

**JURISDICTION & VENUE**

1.  This complaint is brought before this court pursuant to 15 USC § 1673.

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Federal Network Systems LLC has an offices located at *9861 Broken Land Pkwy
    # 110, Columbia, MD* with it's resident agent being the *"*THE CORPORATION
    TRUST INCORPORATE" located at 351 West Camden Street, Baltimore, MD
    21201.

4.  Plaintiff was originally hired by the Defendant in October 1998 to work out of its Columbia, MD Offices.

5.  Venue is proper in the United States District Court for Maryland, Baltimore Division pursuant to 28 U.S.C. § 1391.

**Background**

6.  In October 1998, Federal Network Systems LLC, the Defendant hired the Plaintiff to work out of its Columbia, MD offices as a Network Engineer.  Since then the Plaintiff has continued his employment as an employee at will working in various locations as requested by the Defendant.

7.  On December 27, 2010, the Circuit Court For Howard County has ordered the Plaintiff to pay Child Support, supporting two children in the amount of $1051 per month.  However it should be noted that Child Support as recently been increase to $1450.00 per month

8.  On December 27, 2010, in a separate order, the Circuit Court For Howard County has ordered the plaintiff to support his estranged wife in the amount of $3000 per month.

9.  In accordance with the various orders entered in by the Circuit Court For Howard County Maryland in McNeil v. McNeil the payment for the $3000 per month for alimony and $1051 per month in child support is to be garnished from the earnings of the Plaintiff's paycheck.

10. The Plaintiff at various times receives incentive/profit sharing/bonus/awards which are awarded base off the profitability of the Defendants business and what

it deems that the contribution of the Plaintiff has made towards the companies profitability.  In short, the monies awarded to the Plaintiff in the amounts of profit sharing/bonus/awards are purely discretionary on the whims of the Defendant.

11. The amount award by the Defendant to the Plaintiff for incentive/profit sharing/bonus/awards do not fall into the definition of 15 USC § 1672(a) as being earnings, and therefore the money amounts can not be used to determine withholding amounts under 15 USC § 1673.  (See <u>In re Larkins (Bankr. N.D. Ohio, 2012), In re Radez, Case No. 08-13087-AJM-7 (Bankr. S.D. Ind. 5/15/2009) (Bankr. S.D. Ind., 2009)</u>,

12. Currently, there is no order that the Defendant has received whereas the Defendant has been ordered to garnish anything but earnings.  Therefore, only the Plaintiff's regular earnings are subject to garnishment.

13. On December 27, 2010, in a separate order, the Circuit Court For Howard County Maryland ordered, the Plaintiff to cover both his children under his employer's medical and dental plans.

14. 15 USC § 1673 places a restriction on how much the Plaintiff's paycheck can be garnished at 25% of disposable income. [1]

---

[1] **15 USC § 1673 (a) Maximum allowable garnishment**
Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate

Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

   (1) 25 per centum of his disposable earnings for that week, or

   (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206 (a)(1) of title 29 in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

15. 15 USC § 1673(b)(2)(A) permits an exception to the maximum amount permitted by 15 USC § 1673(a) to 50% of disposable earning in the case that a individual is providing support of a spouse and also providing support for a child.

16. 15 USC § 1673(c) voids any garnishment order which may violate 15 USC § 1673 making it unenforceable.

17. Any order from any entity from the State of Maryland that violates 15 USC § 1673 is void and unenforceable in accordance with 15 USC § 1673(c) and any employer who obey such order is doing so in the absence of law.

18. The December 27, 2010, order of the Circuit Court For Howard County Maryland which orders alimony and child support recognizes that the amounts that it is so ordering exceeds that of 15 USC § 1673. Therefor on its face, the order is unenforceable in accordance with 15 USC § 1673 since it willfully orders amount greater than the maximum pursuant to 15 USC § 1673 in violation of law.

19. 15 USC § 1672 defines disposable earnings as those earning which remains after all deductions as required by law.[2]

20. The Plaintiff is required by law to pay Federal Income Tax, Medicare Tax, Social Security Tax, Maryland Income Tax, and by the way of the order of the Circuit Court For Howard County Maryland made on December 27, 2010, the Plaintiff as a matter of law must pay for his children's medical and dental insurance.

21. Md. COMMERCIAL LAW Code Ann. § 15-601.1(b)(3) exempts payments for medical insurance withheld by the Plaintiff's employer from Plaintiff's disposable income.

---

[2] **15 USC § 1672 (b)** The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

22. On May 10, 2012, the Plaintiff files for Chapter 13 bankruptcy (IN RE: Michael Allan McNeil, Case No. 12-18903), which places the collections for any and all alimony arrearages under the jurisdiction of the United States Bankruptcy Court for The District of Maryland.  Any collection attempts for arrearages of alimony and child support or enforcement of such orders with out a lift of the automatic bankruptcy stay is in violation the aforementioned courts orders.

23. The Plaintiff has been financial harmed by the Defendant in that is no longer able to pay his monthly expenses such as his $1550 per month rent, food expenses, transpiration expenses of a 80 mile commute per work day, and utility bills from his monthly income.

24. On May 9, 2013, the Plaintiff contacted Alicia R. Johnson, Verizon Global Payroll (Federal Network Systems, LLC is owned by Verizon) informing her that two much was being withheld by Federal Network System, LLC, aka Verizon for alimony and child support and that the company was violating 15 USC § 1673.  Ms. Johnson disagreed the language of a withholding order.  The Plaintiff asked Ms. Johnson for a copy of stated withholding order via email which she agreed that she would send.  However, after two reminders to send a copy of the withholding order Ms. Johnson has refused to send it.  Additionally, the Plaintiff asked Ms. Johnson if she could get him in contact with the companies legal department that handles these matter in the hopes of avoiding any kind of law suite or a Department of Labor Complaint.  Ms. Johnson informed the Plaintiff that she would inform Legal to keep a look out for this complaint.

**Count 1 – Violation of 15 USC § 1673**

25. The allegation of paragraph 1-24 above are alleged and incorporated herein by reference.

26. On June 9, 2012 the Plaintiff had disposable earnings of $3,685.36.

27. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

28. The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

29. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 1:

    a.   That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

    b.   That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

    c.   That this Court order the Defendant to pay all court costs.

    d.   That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 2 – Violation of 15 USC § 1673

30. The allegation of paragraph 1-29 above are alleged and incorporated herein by reference.

31. On June 23, 2012 the Plaintiff had disposable earnings of $1539.90.

32. The Defendant withheld $1887.85 of his earning from his pay for Alimony and Child Support.

33. The Defendant took out $1117.90 more than which is permitted by 15 USC §
    1673.

34. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 2:

   a.  That this Court order entered judgment that the Defendant shall pay the
       Plaintiff $1117.90.

   b.  That this Court entered a Permanent Injunction, ordering the Defendant to
       reframe from violation 15 USC § 1673 by obeying any court order which
       violates 15 USC § 1673.

   c.  That this Court order the Defendant to pay all court costs.

   d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 3 – Violation of 15 USC § 1673

35. The allegation of paragraph 1-34 above are alleged and incorporated herein by
    reference.

36. On July 7, 2012 the Plaintiff had disposable earnings of $3,685.36.

37. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

38. The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

39. The Defendant has violated 15 USC § 1673.

7

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 3:

    a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

    b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

    c.  That this Court order the Defendant to pay all court costs.

    d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 4 – Violation of 15 USC § 1673

40. The allegation of paragraph 1-39 above are alleged and incorporated herein by reference.

41. On July 21, 2012 the Plaintiff had disposable earnings of $3,685.36.

42. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

43. The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

44. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 4:

    a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

    b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c. That this Court order the Defendant to pay all court costs.

d. That this Court grant the Plaintiff any further relief which it may deem fit.

## Count 5 – Violation of 15 USC § 1673

*45.* The allegation of paragraph 1-44 above are alleged and incorporated herein by reference.

*46.* On August 4, 2012 the Plaintiff had disposable earnings of $3,685.36.

*47.* The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

*48.* The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

*49.* The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 5:

a. That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

b. That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c. That this Court order the Defendant to pay all court costs.

d. That this Court grant the Plaintiff any further relief which it may deem fit.

## Count 6 – Violation of 15 USC § 1673

*50.* The allegation of paragraph 1-49 above are alleged and incorporated herein by reference.

*51.* On August 18, 2012 the Plaintiff had disposable earnings of $3,685.36.

*52.* The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

*53.* The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

*54.* The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 6:

    a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

    b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

    c.  That this Court order the Defendant to pay all court costs.

    d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 7 – Violation of 15 USC § 1673

*55.* The allegation of paragraph 1-54 above are alleged and incorporated herein by reference.

*56.* On September 1, 2012 the Plaintiff had disposable earnings of $3,685.36.

*57.* The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

*58.* The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

*59.* The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 7:

a. That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

b. That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c. That this Court order the Defendant to pay all court costs.

d. That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 8 – Violation of 15 USC § 1673

60. The allegation of paragraph 1-59 above are alleged and incorporated herein by reference.

61. On September 15, 2012 the Plaintiff had disposable earnings of $3,685.36.

62. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

63. The Defendant took out $45.17 more than which is permitted by 15 USC § 1673.

64. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 8:

a. That this Court order entered judgment that the Defendant shall pay the Plaintiff $45.17.

b. That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

   c.  That this Court order the Defendant to pay all court costs.

   d.  That this Court grant the Plaintiff any further relief which it may deem fit.


### Count 9 – Violation of 15 USC § 1673

65. The allegation of paragraph 1-64 above are alleged and incorporated herein by reference.

66. On September 29, 2012 the Plaintiff had disposable earnings of $3,721.69.

67. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

68. The Defendant took out $27.00 more than which is permitted by 15 USC § 1673.

69. The Defendant has violated 15 USC § 1673.

   **WHEREFORE**, the Plaintiff prays for the following relief concerning Count 9:

   a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $27.00.

   b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

   c.  That this Court order the Defendant to pay all court costs.

   d.  That this Court grant the Plaintiff any further relief which it may deem fit.


### Count 10 – Violation of 15 USC § 1673

70. The allegation of paragraph 1-69 above are alleged and incorporated herein by reference.

71. On October 13, 2012 the Plaintiff had disposable earnings of $3,320.66.

72. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

73. The Defendant took out $227.52 more than which is permitted by 15 USC § 1673.

74. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 10:

    a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $227.52.

    b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

    c.  That this Court order the Defendant to pay all court costs.

    d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 11 – Violation of 15 USC § 1673

75. The allegation of paragraph 1-74 above are alleged and incorporated herein by reference.

76. On October 27, 2012 the Plaintiff had disposable earnings of $1257.41.

77. The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

78. The Defendant took out $1259.15 more than which is permitted by 15 USC § 1673.

13

79. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 11:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $1259.15.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 12 – Violation of 15 USC § 1673

80. The allegation of paragraph 1-79 above are alleged and incorporated herein by reference.

81. On November 10, 2012 the Plaintiff had disposable earnings of $3320.66.

82. The Defendant withheld $1748.58 of his earning for Alimony and Child Support.

83. The Defendant took out $88.25 more than which is permitted by 15 USC § 1673.

84. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 12:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.25.

14

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 13 – Violation of 15 USC § 1673

85. The allegation of paragraph 1-84 above are alleged and incorporated herein by reference.

86. On November 24, 2012 the Plaintiff had disposable earnings of $3320.66.

87. The Defendant withheld $1748.58 of his earning for Alimony and Child Support.

88. The Defendant took out $88.25 more than which is permitted by 15 USC § 1673.

89. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 13:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.25.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 14 – Violation of 15 USC § 1673

15

90. The allegation of paragraph 1-89 above are alleged and incorporated herein by reference.

91. On December 8, 2012 the Plaintiff had disposable earnings of $3320.66.

92. The Defendant withheld $1748.57 of his earning for Alimony and Child Support.

93. The Defendant took out $88.24 more than which is permitted by 15 USC § 1673.

94. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 14:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.24.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 15 – Violation of 15 USC § 1673

95. The allegation of paragraph 1-94 above are alleged and incorporated herein by reference.

96. On December 22, 2012 the Plaintiff had disposable earnings of $3320.66.

97. The Defendant withheld $1748.57 of his earning for Alimony and Child Support.

98. The Defendant took out $88.25 more than which is permitted by 15 USC § 1673.

99. The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 15:

    a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.25.

    b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

    c.  That this Court order the Defendant to pay all court costs.

    d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 16 – Violation of 15 USC § 1673

*100.*    The allegation of paragraph 1-99 above are alleged and incorporated herein by reference.

*101.*    On January 5, 2013 the Plaintiff had disposable earnings of $3034.14.

*102.*    The Defendant withheld $1605.60 of his earning for Alimony and Child Support.

*103.*    The Defendant took out $88.53 more than which is permitted by 15 USC § 1673.

*104.*    The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 16:

    a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.53.

2013-05-22 Complaint Against FNS.docx

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

## Count 17 – Violation of 15 USC § 1673

*105.*      The allegation of paragraph 1-104 above are alleged and incorporated herein by reference.

*106.*      On January 19, 2013 the Plaintiff had disposable earnings of $3034.14.

*107.*      The Defendant withheld $1605.60 of his earning for Alimony and Child Support.

*108.*      The Defendant took out $88.53 more than which is permitted by 15 USC § 1673.

*109.*      The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 17:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.53.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

18

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

## Count 18 – Violation of 15 USC § 1673

*110.*      The allegation of paragraph 1-109 above are alleged and incorporated

herein by reference.

*111.*      On February 2, 2013 the Plaintiff had disposable earnings of $3042.18.

*112.*      The Defendant withheld $1687.65 of his earning for Alimony and Child

Support.

*113.*      The Defendant took out $88.53 more than which is permitted by 15 USC §

1673.

*114.*      The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 18:

a.  That this Court order entered judgment that the Defendant shall pay the

Plaintiff $88.53.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to

reframe from violation 15 USC § 1673 by obeying any court order which

violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

## Count 19 – Violation of 15 USC § 1673

*115.*     The allegation of paragraph 1-114 above are alleged and incorporated herein by reference.

*116.*     On February 16, 2013 the Plaintiff had disposable earnings of $3198.94.

*117.*     The Defendant withheld $1687.65 of his earning for Alimony and Child Support.

*118.*     The Defendant took out $88.53 more than which is permitted by 15 USC § 1673.

*119.*     The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 19:

a. That this Court order entered judgment that the Defendant shall pay the Plaintiff $88.53.

b. That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c. That this Court order the Defendant to pay all court costs.

d. That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 20 – Violation of 15 USC § 1673

*120.*     The allegation of paragraph 1-119 above are alleged and incorporated herein by reference.

*121.*     On March 2, 2013 the Plaintiff had no disposable earnings.

122.     The Defendant withheld $1885.85 of his earning for Alimony and Child Support.

123.     The Defendant took out $1885.85 more than which is permitted by 15 USC § 1673.

124.     The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 20:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $1885.85.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 21 – Violation of 15 USC § 1673

125.     The allegation of paragraph 1-124 above are alleged and incorporated herein by reference.

126.     On March 16, 2013 the Plaintiff had disposable earnings of $3042.18.

127.     The Defendant withheld $1768.39 of his earning for Alimony and Child Support.

128.     The Defendant took out $247.30 more than which is permitted by 15 USC § 1673.

*129.*      The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 21:

   a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $247.30.
   b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.
   c.  That this Court order the Defendant to pay all court costs.
   d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 22 – Violation of 15 USC § 1673

*130.*      The allegation of paragraph 1-129 above are alleged and incorporated herein by reference.

*131.*      On March 30, 2013 the Plaintiff had disposable earnings of $3042.18.

*132.*      The Defendant withheld $1768.39 of his earning for Alimony and Child Support.

*133.*      The Defendant took out $247.30 more than which is permitted by 15 USC § 1673.

*134.*      The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 22:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $247.30.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

## Count 23 – Violation of 15 USC § 1673

135.    The allegation of paragraph 1-134 above are alleged and incorporated herein by reference.

136.    On April 13, 2013 the Plaintiff had disposable earnings of $3098.01.

137.    The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

138.    The Defendant took out $336.85 more than which is permitted by 15 USC § 1673.

139.    The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 23:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $336.85.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 24 – Violation of 15 USC § 1673

*140.*  The allegation of paragraph 1-139 above are alleged and incorporated herein by reference.

*141.*  On April 27, 2013 the Plaintiff had disposable earnings of $3098.02.

*142.*  The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

*143.*  The Defendant took out $336.84 more than which is permitted by 15 USC § 1673.

*144.*  The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 24:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $336.84.

24

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

### Count 25 – Violation of 15 USC § 1673

*145.*      The allegation of paragraph 1-144 above are alleged and incorporated herein by reference.

*146.*      On May 11, 2013 the Plaintiff had disposable earnings of $3098.02.

*147.*      The Defendant withheld $1887.85 of his earning for Alimony and Child Support.

*148.*      The Defendant took out $336.84 more than which is permitted by 15 USC § 1673.

149.      The Defendant has violated 15 USC § 1673.

**WHEREFORE**, the Plaintiff prays for the following relief concerning Count 25:

a.  That this Court order entered judgment that the Defendant shall pay the Plaintiff $336.84.

b.  That this Court entered a Permanent Injunction, ordering the Defendant to reframe from violation 15 USC § 1673 by obeying any court order which violates 15 USC § 1673.

c.  That this Court order the Defendant to pay all court costs.

d.  That this Court grant the Plaintiff any further relief which it may deem fit.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com