IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **MICHAEL A. MCNEIL** | * |
| Plaintiff, | * |
| v. | *   Case No. 1:13-cv-01501-WDQ |
| **FEDERAL NETWORK SYSTEMS LLC,** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT FEDERAL NETWORK SYSTEMS, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Federal Network Systems LLC, ("FNS"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and Local Rule 105, hereby moves this Honorable Court to dismiss the Amended Complaint filed by Plaintiff, Michael A. McNeil ("Plaintiff"). As grounds to support FNS's Motion, FNS incorporates herein its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint, filed contemporaneously herewith.

WHEREFORE, for the reasons set forth in Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint, Defendant, Federal Network Systems LLC, respectfully requests that this Court dismiss the Amended Complaint with prejudice and grant such other and further relief this Court deems just and proper.

Respectfully submitted,

   /s/
John E. McCann, Jr., (Fed. Bar No. 10028)
Jessica A. duHoffmann (Fed. Bar No. 26149)
Menachem Lanner (Fed. Bar No. 29808)

MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone: (410) 727-6464
Fax: (410) 385-3700
jmccan@milesstockbridge.com
jduhoffm@milesstockbridge.com
mlanner@milesstockbridge.com

*Counsel for Defendant,*
*Federal Network Systems LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of July, 2013, I caused the foregoing **MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** and **PROPOSED ORDER** document to be served via first class mail on the following:

> Michael A. McNeil
> 7014 Gentle Shade Road
> Apt. 402
> Columbia, MD 21046
> *Pro Se* Plaintiff

                                              */s/ Menachem Lanner*
                                              Menachem Lanner

4847-7888-9492, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **MICHAEL A. MCNEIL** | * |
| Plaintiff, | * |
| v. | *   Case No. 1:13-cv-01501-WDQ |
| **FEDERAL NETWORK SYSTEMS LLC,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Federal Network Systems LLC ("FNS"), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**INTRODUCTION**

Plaintiff's Amended Complaint, which conclusorily alleges that FNS has "withheld amounts from his paycheck" in excess of the amounts allowed under 15 U.S.C. § 1673, is fatally flawed and should be dismissed in its entirety for two chief reasons. First, this Court lacks subject matter jurisdiction over Plaintiff's claims as they pertain exclusively to "domestic relations matters," long considered by the Supreme Court of the United States as "matters of state concern." Second, the Amended Complaint fails to state a claim for which relief can be granted under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) because, as courts across the country have recognized, 15 U.S.C. § 1673 does not create a private cause of action for an individual plaintiff.

## STATEMENT OF ALLEGED FACTS AND PROCEDURAL BACKGROUND

Since October 1998, Plaintiff has provided services to FNS as a network engineer. Am. Compl. (ECF No. 6), at ¶ 6. On December 27, 2010, the Circuit Court for Howard County, Maryland entered an order requiring Plaintiff to pay $1,051.00 per month in child support and $3,000.00 per month in alimony.[1] *Id.*, ¶¶ 7-8. The Circuit Court also entered an order ("Support Order") requiring FNS to withhold said amounts from Plaintiff's paycheck. *Id.*

On or about May 22, 2013, Plaintiff filed a Complaint in this Court, alleging that between June 9, 2012, and June 8, 2013, FNS "violated 15 U.S.C. § 1673" by "withholding amounts" pursuant to the Support Order from his paychecks in excess of the maximum amounts prescribed under the forgoing statute. *See* Compl. (ECF No. 1), at ¶ 18. Then, approximately a month later, Plaintiff filed an Amended Complaint containing substantively the same allegations. *Compare*, Compl. (ECF No. 1) and Am. Compl. (ECF No. 6). In response, FNS moves to dismiss the Amended Complaint.

## LEGAL STANDARD

While complaints filed by *pro se* plaintiffs are to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they are not impervious to a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction. *See Wynn-Bey v. Talley*, Case No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) ("Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action."); *Williams v. Erbey*, Civil No. WDQ–10–2104, 2010 WL 5237848, at *2

---

[1] Upon information and belief, this Order was issued in connection with a judgment for absolute divorce entered against Plaintiff by the Circuit Court for Howard County, Maryland in the case styled as *McNeil v. McNeil*, Case No. 13C08075254. *See Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395, 397 (4th Cir. 2006) (In evaluating a motion to dismiss, "[a] district court may clearly take judicial notice of [state court] records"); *Roberts v. Nicholas*, WDQ-04-2039, 2007 WL 5145353, at *3 (D. Md. Jan. 26, 2007) ("In deciding a Rule 12(b)(6) motion . . . [t]he court may . . . consider . . . facts subject to judicial notice, such as the content of court records.").

(D. Md. Dec. 16, 2010) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1331 because "liberal construction of a *pro se* complaint does not allow a court to ignore a clear failure in the pleadings."); *Cureton v. Montgomery County Board of Education*, Case No. AW-09-334, 2009 WL 4017897, at *3 (D. Md. Nov. 18, 2009) (granting, in part, defendant's motion to dismiss a *pro se* plaintiff's complaint on the grounds that it failed to state "a factual basis for his claims"). This is because "procedural rules in ordinary civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Clarke v. Beyer*, Case Nos. 89-7755, 89-7844, 1990 WL 12746, at *1 (4th Cir. Jan. 29, 1990) ("A party is not excused from complying with the rules simply because he is not represented by counsel.").

    A.    **Federal Rule of Civil Procedure 12(b)(1).**

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a federal court must determine "whether a valid basis for its jurisdiction exists and to dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). *See also Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005) ("Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction."). To determine whether — as Plaintiff asserts — this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, the Court must apply the "well-pleaded complaint rule" and "look no farther than the plaintiff's complaint" to ascertain whether the "lawsuit raises issues of federal law." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). A complaint "raises issues of federal law" when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Because

federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)).

### B. Federal Rule of Civil Procedure 12(b)(6).

FRCP 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim for relief that is that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must only accept as true all well-pled allegations of fact; it may reject "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Venev v. Wvche*, 293 F.3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).

A claim which "fails for lack of a private cause of action" must be dismissed under FRCP 12(b)(6) for failure to state a claim. *Armstrong v. Rolm A. Siemans Co.*, Case No. 97-1222, 1997 WL 705376, at *3 (4th Cir. Nov. 13, 1997) (unpublished table decision). *See also Gabelli Global Multimedia Trust Inc. v. Western Inv. LLC*, 700 F.Supp.2d 748, 750 (D. Md. 2010) (granting defendant's motion to dismiss under FRCP (12)(b)(6) because "private causes of action may not be implied under the[] provisions of the Act [at issue]"); *Norris v. Detrick*, 918 F.Supp. 977, 981 (N.D. W.Va. 1996) ("[I]t is plainly clear that a private cause of action is not available under 18 U.S.C. § 4002 . . . [and] therefore [plaintiff's claim thereunder must] be dismissed pursuant to Rule 12(b)(6).").

**ARGUMENT**

I. **The Amended Complaint Should be Dismissed Because 28 U.S.C. § 1331 does not Confer Subject Matter Jurisdiction over Claims Arising under 15 U.S.C. § 1673**.

Plaintiff's claims should be dismissed because this Court lacks subject matter jurisdiction over the same.[2] "The Supreme Court has long held that federal courts have no jurisdiction to hear domestic relations matters." *Doe v. Doe*, 660 F.2d 101, 105 (4th Cir. 1981). *See U.S. v. Windsor*, 133 S.Ct. 2675 (2013) ("Federal courts will not hear [domestic relations matters] . . . because of the virtually exclusive primacy . . . of the States in the regulation of domestic relations."); *Barber v. Barber*, 62 U.S. 582, 584-89 (1859) (announcing that federal courts do not have jurisdiction over suits for divorce or the allowance of alimony); *Doe*, 660 F.2d at 105 (holding lower court's exercise of subject matter jurisdiction under 28 U.S.C. § 2254 was improper because "no jurisdiction lies in the federal courts over suits involving domestic relations").[3]

Federal courts have routinely characterized actions maintained under 15 U.S.C. § 1673 as "domestic relation matters" and have, therefore, dismissed such actions for lack of subject matter jurisdiction. *See Martin v. Supreme Court of State of N.Y.*, 644 F.Supp. 1537, 1543 (N.D.N.Y.

---

[2] Plaintiff mistakenly asserts that "this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331." Am. Comp. (ECF 6,) ¶ 2. Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Presumably, Plaintiff references this statute because his claims arise under a federal "law" – to wit: 15 U.S.C. § 1673.

[3] Although one Fourth Circuit case has held that the "domestic relations" exception "is only a limitation on diversity jurisdiction [and] has no generally recognized application as a limitation on federal question jurisdiction," *U.S. v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997), this holding – aside from being contrary to *Doe*'s – has effectively been superseded by a later-decided opinion of the Supreme Court of the United States expressly holding that "wh[ere] . . . it is necessary to answer a substantial *federal question* that [does not] transcend or exist apart from the family law issue, in general, it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.") (emphasis provided). *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 13 (2006). *See also DeSylva v. Ballentine*, 351 U.S. 570, 580 ("The scope of a federal right is, of course, *a federal question*, but that does not mean that its content is not to be determined by state, rather than federal, law. . . . This is especially true where a statute deals with a familial relationship; there is no federal law of domestic relations, which is primarily a matter of state concern.")(emphasis provided).

1986) (dismissing plaintiff's claim that defendant garnished in excess of amounts allowed under 15 U.S.C. § 1673 because "§ 1673 does not confer subject matter jurisdiction on a federal court over such a claim"); *Haines v. General Motors Corp.*, 603 F.Supp. 471, 473-74 (S.D. Ohio 1984) ("plaintiff's claim under 15 U.S.C. § 1671 *et seq*. is dismissed for lack of subject matter jurisdiction"); *Steele v. Steele*, Case No. 10–CV–40–KSF, 2011 WL 2413400, at *5–6 (E.D. Ky. June 10, 2011) ("Steele's CCPA claim lacks merit and provides no federal subject-matter jurisdiction"). *See also Flesher*, 872 F.2d at *1 (affirming lower court's decision to dismiss for lack of subject matter jurisdiction over state law master's decision to terminate plaintiff's former husband's alimony payments); *Broessel v. Hutchinson*, Case No. 5:10–0008, 2010 WL 3521564, at *6 (S.D. W.Va. Aug. 12, 2010) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1331 because plaintiff's "dissatisfaction" with state court's child custody decree fit the domestic relations exception).

Here, Plaintiff's 15 U.S.C. § 1673 claim arises from a Maryland state court domestic relations matter governing Plaintiff's support obligations. Accordingly, Plaintiff's Amended Complaint — grounded exclusively in 15 U.S.C. § 1673 — should be dismissed for lack of subject matter jurisdiction.

## II. The Amended Complaint Should be Dismissed for Failure to State a Claim under 15 U.S.C. § 1673.

Plaintiff brings the instant lawsuit "pursuant to 15 U.S.C. § 1673," the provision of the federal Consumer Credit Protection Act ("CCPA") that governs the percentage of aggregate disposable earnings that may be garnished.[4] *See* 15 U.S.C. § 1671 *et seq*. But, it is well-

---

[4] The relevant portion of 15 U.S.C. § 1673 appears in 15 U.S.C. § 1673(b) and provides as follows:

\*   \*   \*

6

established across all jurisdictions that 15 U.S.C. § 1673 does not contemplate a private right of action for an individual plaintiff. *See Steele v. Steele*, Case No. 3:10–CV–40–KSF, 2011 WL 2413400, at *5 n.1 (E.D. Ky. June 10, 2011) ("§ 1673 does not create a private right of action"); *Pressman v. Neubardt*, Case No. 02 Civ. 8404(RCC), 2002 WL 31780183, at *2 (S.D.N.Y. Dec. 12, 2002) ("15 U.S.C. § 1673, upon which Plaintiff relies to support his claim . . . does not contemplate a private right of action by an individual debtor."); *Stouch v. Williamson Hospitality Corp.*, 22 F. Supp. 2d 431 (E.D. Pa. 1998) ("[T]here is no private cause of action under [15 U.S.C. § 1673]."); *Western v. Hodgson* 359 F.Supp. 194 (S.D. W. Va. 1973) ("this Court finds that a private right of action for violation of the anti-garnishment provisions of the [CCPA] was neither provided for nor contemplated by Congress in enacting this legislation"); *Higgins v. Wilkerson*, Case No. W-4419, 1970 WL 678, at *4 (D. Kan. Aug. 20, 1970) ("In enacting the garnishment section of the Consumers Protection Act . . . [n]o private civil remedy, as such, has been provided by Congress.").

Instead, the Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, is responsible for the enforcement of the CCPA. *See* 15 U.S.C. § 1676. *See also Western*, 359 F.Supp. at 200 ("[No] private right of action [is implied] in the context of the

---

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

anti-garnishment provisions of the CCPA . . . [because a] federal remedy is available [through the] enforcement by the Secretary of Labor."); *Pressman,* 2002 WL 31780183, at *2 ("15 U.S.C. § 1673 does not contemplate a private right of action by an individual debtor [because] … 'The Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce the provisions of this subchapter.'"); *Higgins,* 1970 WL 678, at *4 (noting that "the Secretary of Labor is the proper person to seek injunctive or other relief against any violation of the new garnishment standards provided by the Consumer Protection Act").

Based upon the clear authority regarding this issue, Plaintiff cannot maintain a private cause of action pursuant to 15 U.S.C. § 1673. Accordingly, the Amended Complaint should be dismissed for failure to state a claim for relief.[5]

## **CONCLUSION**

For the foregoing reasons, Defendant, Federal Network Systems LLC, respectfully requests that this Court dismiss the Amended Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and grant such other and further relief this Court deems just and proper.

---

[5] Notably, the Amended Complaint fails to state a claim in at least one additional respect. Plaintiff contends that FNS "withheld more than which is permitted under 15 U.S.C. § 1673" because "15 U.S.C. § 1673(b)(2)(A)" subjects no more than "50 percentum" of his disposable earnings to garnishment. *See* ECF 6, at ¶15. Notably, 15 U.S.C. § 1673(b)(2)(A) is *not* the controlling provision in this case, as it only applies where the "individual (debtor) is supporting a spouse or independent child" *in addition to* the spouse or child he is required to support pursuant to an "order." *See* 15 U.S.C. § 1673(b)(2)(A)(emphasis provided). Here, however, Plaintiff does not allege, and upon information and belief, cannot allege, that he supports a spouse or dependent child aside from those named in the Order. The governing provision, then, is 15 U.S.C. § 1673(b)(2)(B), which allows FNS to garnish up to "60 percentum" of Plaintiff's disposable earnings. Consequently, most, if not all, of the counts in the Amended Complaint should be dismissed as the amounts purportedly withheld by FNS *do not* exceed "60 percentum" of Plaintiff's alleged disposable earnings.

Respectfully submitted,

_____/s/_____
John E. McCann, Jr., (Fed. Bar No. 10028)
Jessica A. duHoffmann (Fed. Bar No. 26149)
Menachem Lanner (Fed. Bar No. 29808)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone: (410) 727-6464
Fax: (410) 385-3700
jmccan@milesstockbridge.com
jduhoffm@milesstockbridge.com
mlanner@milesstockbridge.com

*Counsel for Defendant,*
*Federal Network Systems LLC*