

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 AUG -7  A 11: 16

CLERK'S OFFICE
AT GREENBELT

**IN THE  UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| **MICHAEL A. MCNEIL** | * | |
| **Plaintiff** | * | |
| **v.** | * | |
| **FEDERAL NETWORK SYSTEMS LLC** | * | Civil Action No:  1:13-cv-01501-WDQ |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### <u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PLAINTIFF'S AMENDED COMPLAINT</u>

**COMES NOW**, the Plaintiff and opposes Defendants' Motions to Dismiss (ECF No. 10).

The Plaintiff has attached a Memorandum of Law which address the issues brought up by the Defendant's motion and ask this court to give it proper consideration.

**WHEREFORE**, the Plaintiff asks that the all three of the defendant motion be denied.

Respectfully submitted,

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of August, 2013 I mailed a copy of the foregoing, first class, postage pre-paid to the following:


**John Edward McCann, Jr**
Miles and Stockbridge PC
100 Light St
Baltimore, MD 21202


Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
**mamcneil@gmail.com**

2013-08-06 Plaintiff's Opposition to Defendnant's Motion To Dismiss.odt

IN THE  UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

MICHAEL A. MCNEIL                        *

    Plaintiff                                *

    v.                                       *

FEDERAL NETWORK SYSTEMS LLC      *      Civil Action No:  1:13-cv-01501-WDQ

    Defendant                                *

                                                    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PLAINTIFF'S
## AMENDED COMPLAINT

    This Memorandum of Law is filed in support of the Michael McNeil's, the Plaintiff's,

opposition to the Defendant's Motion to Dismiss (ECF No. 10) submitted to this court by the

Defendant.

### INTRODUCTION

    This case involves a matter where it is believed that a state garnishment order has been

served upon the Defendant and whereas, the Defendant has ignored Federal Law violating 15

U.S.C. § 1673 concerning the limitation of how much it can lawfully withhold from Michael

McNeil's paycheck.

1

The Defendant in answer the complaint files a motion to dismiss based on two legal theories. The first legal theory the Defendant puts forward is that this Court lacks subject matter jurisdiction over Michael McNeil's claims that the Defendant violated 15 U.S.C. § 1673, and then the Defendant argues that Federal Courts have no subject matter jurisdiction on how an employer obeys or not obeys federal law concerning garnishment holding limitation if the state garnishment order has something to do with domestic support. The second legal theory that the Defendant ask this court to consider is that they question whether or not 15 U.S.C. § 1673 creates a private right of action. However, it should be noted that the Defendants for some reason or another do not want to provide to this court the current legal standard of review to have this court examine if there is an implied right of action, and no where in their brief do they make mention of the four part test that the United States Supreme Court has instructed courts to apply to determine if there is an implied right of action. See Cort v. Ash 8212 1908, 422 U.S. 66, 95 S.Ct. 2080, 45 L. Ed. 2D 26 (1975), and Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). Furthermore, the Defendant for whatever reason does not want to mention to this court that there is no Fourth Circuit controlling law on this matter and that when the question was put to the Fourth concerning 15 U.S.C. § 1673 the Fourth Circuit declined to rule on the matter. See Western v. Hodgson, 494 F.2d 381 (4th Cir., 1974)

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Since October 1998, Plaintiff has provided services to the Defendant as a network

engineer. Am.Compl. (ECF No. 6), at ¶ 6. On December 27, 2010, the Circuit Court for Howard County, Maryland entered <u>multiple orders</u> requiring Plaintiff to pay $1,051.00 per month in child support and $3,000.00 per month in alimony.1 Id., ¶¶ 7-8. The Circuit Court also <u>entered multiple orders</u> requiring the Plaintiff's paycheck to be garnished.  <u>(It should be noted that the complaint does not allege nor should it be assumed that the ordered entered by the Circuit Court on December 27, 2010 ordered the Defendant to withhold any sums of monies.  Meaning no where in the order that the Plaintiff is referring is the Defendant ordered to  withhold any sums of monies.  Interesting enough, if this court was to examine the aforementioned order it would find that the state court envisioned that the full amounts so ordered by the Plaintiff could not be fully garnished because of federal law and that the Plaintiff was to make up the difference via other payments. )</u>

On May 9, 2013, Michael McNeil made attempts to try to work this matter with the Defendant by informing them what the Federal Law stated concerning the limitations on how much could be withheld to no avail.  It is apparent from the complaint that Michael McNeil does not have a copy of the order that the Defendant has received for garnishment of his wages and when he asked the Defendant for a copy of said orders the Defendant first agreed to send him a copy but then failed to do so even after repeated reminders /requests.  With this said, the Plaintiff is unaware of what if any order directed at the Defendant from any state court or state entity that the Defendant is or not complying with.  He only knows that his paycheck is not being garnished in accordance with Federal Law. (ECF No. 6 at ¶ 24).

3

On May 22, 2013, Michael McNeil filed a 25 Count Complaint in this Court, alleging that between June 9, 2012, and June 8, 2013, the Defendant "violated 15 U.S.C. § 1673" by "withholding amounts" pursuant to the two separate support orders from his paychecks in excess of the maximum amounts prescribed under the forgoing statute. See Complaint. (ECF No. 1), at ¶ 18.  Each count of the complaint reflect the withholding for that pay period.

Then, approximately a month later, Plaintiff filed an Amended Complaint containing substantively the same allegations adding two more counts which are reflective of the pay period that had passed since the filing of his first complaint.  With this said, since the Defendant continue to ignore Federal Law concerning garnished withholding amount limits it is reasonable to expect that the Michael McNeil will be filing further amendments to his complaint. Compare, Compl. (ECF No. 1) and Am. Compl. (ECF No. 6).

On July 22, 2013, the Defendant files his motion to dismiss Michael McNeil's Amended Complaint.

## I.   STANDARD OF REVIEW

While complaints filed by pro se plaintiffs are to be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), they are not impervious to a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction. See Wynn-Bey v. Talley, Case No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) ("Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that

4

state a cause of action."); Williams v. Erbey, Civil No. WDQ–10–2104, 2010 WL 5237848, at *2 (D. Md. Dec. 16, 2010) (dismissing pro se plaintiff's complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1331 because "liberal construction of a pro se complaint does not allow a court to ignore a clear failure in the pleadings."); Cureton v. Montgomery County Board of Education, Case No. AW-09-334, 2009 WL 4017897, at *3 (D. Md. Nov. 18, 2009) (granting, in part, defendant's motion to dismiss a pro se plaintiff's complaint on the grounds that it failed to state "a factual basis for his claims"). This is because "procedural rules in ordinary civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). See also Clarke v. Beyer, Case Nos. 89-7755, 89-7844, 1990 WL 12746, at *1 (4th Cir. Jan. 29, 1990) ("A party is not excused from complying with the rules simply because he is not represented by counsel.").

## A. Federal Rule of Civil Procedure 12(b)(1).

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a federal court must determine "whether a valid basis for its jurisdiction exists and to dismiss the action if no such ground appears." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). See also Davis v. Thompson, 367 F.Supp.2d 792, 799 (D. Md. 2005) ("Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction."). To determine whether — as Plaintiff asserts — this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, the Court must apply the "well-pleaded complaint rule" and "look no farther than the plaintiff's complaint" to ascertain whether the

5

"lawsuit raises issues of federal law." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). A

complaint "raises issues of federal law" when "federal law creates the cause of action or . . . the

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983).   The

Fourth Circuit has also stated that that whether a claim arises under federal law begins with the

face of the complaint and the duties created by federal law.   Verizon Maryland, Inc. v. Global

Naps, Inc., 377 F.3d 363 (4th Cir., 2004):

> In all events, the question of whether a claim arises under federal law begins with
> a look at "the face of the plaintiff's properly pleaded complaint." _Caterpillar v._
> _Williams,_ 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In this case,
> we also consider whether the claim involves an agreement and duties that are
> creations of federal law and whether the purpose of the underlying statute (the
> 1996 Act) is best served by the exercise of federal judicial power. These
> considerations lead us to conclude, as we explain below, that Verizon's contract
> interpretation claim arises under federal law within the meaning of § 1331

Also FRCP 12(b)(1) requires the Plaintiff to demonstrate standing.  The doctrine of

standing is an integral component of the case or controversy requirement. Marshall v. Meadows,

105 F.3d 904, 906 (4th Cir.1997).

The doctrine of standing is an integral component of the case or controversy

requirement. Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir.1997). There are three

components of constitutional standing: (1) the plaintiff must allege that he or she suffered an

actual or threatened injury that is not conjectural or hypothetical, (2) the injury must be fairly

traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the

injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351

6

(1992). The party attempting to invoke federal jurisdiction bears the burden of establishing standing. FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Unlike a Rule 12(b)(6) motion, a court is under no duty to accept factual allegations as true for purposes of a motion to dismiss for want of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Thigpen v. United States, 800 F.2d 393, 396 (4th Cir. 1986). A court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion without converting the motion to one for summary judgment. Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S. Ct. 1009, 1011 n. 4, 91 L. Ed. 1209 (1947); Espinoza v. Missouri Pacific Railroad Co., 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985).

Article III of the United States Constitution gives federal courts jurisdiction only over "cases and controversies," U.S. Const. art. III, § 2, cl. 1, and the doctrine of standing identifies disputes appropriate for judicial resolution. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471-76, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). A claim is justifiable if the "conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (quoting Ry. Mail Ass'n v. Corsi, 326 U.S. 88, 93, 65 S.Ct. 1483, 89 L.Ed. 2072 (1945)).

7

Courts have performed this initial inquiry "ensure that the parties have enough of a stake in the case to litigate the issues properly," for, "[w]ere it otherwise the case, legal questions presented to the a court would be discussed 'in the rarefied atmosphere of a debating society' rather than 'in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.'" <u>Falwell v. City of Lynchburg, 198 F.Supp. 2d 765, 772 (W.D. Va. 2002)</u> (citing <u>Piney Run Preservation Assoc. v. County Comm'ners, 268 F.3d 255 (4th Cir. 2001))</u>.

**B. Federal Rule of Civil Procedure 12(b)(6).**

FRCP 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim for relief that is that is plausible on its face.'" <u>Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)</u> (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must only accept as true all well pleaded allegations of fact; it may reject "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Venev v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)</u> (citations and internal quotations omitted); <u>Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999).</u>

## II. Argument

### A. Concerning Defendant's Argument that The Amended Complaint Should be Dismissed Because 28 U.S.C. § 1331 does not Confer Subject Matter Jurisdiction over Claims Arising under 15 U.S.C. § 1673.

The Defendant cites Doe v. Doe, 660 F.2d 101, 105 (4th Cir. 1981), a matter concerning a

habeas corpus petition to effectively modify/void a state custody order; United States v. Windsor,

133 S. Ct. 2675 (2013) (holding that § 3 of DOMA is unconstitutional); Barber v. Barber, 62 U.S.

582, 584-89 (1859) (announcing that federal courts do not have jurisdiction over suits for divorce

or the allowance of alimony); Doe, 660 F.2d at 105 (holding lower court's exercise of subject

matter jurisdiction under 28 U.S.C. § 2254 was improper because "no jurisdiction lies in the

federal courts over suits involving domestic relations").  Here, Michael McNeil, whole heatedly

agrees, that Federal Courts and the Federal Government that matter have absolutely no

jurisdiction over domestic relation manners.  But with this said, this matter is not about how

much alimony or child support that Michael McNeil is ordered to pay, but instead on how the

Defendant has violated Federal Law in following a garnishment order.  However, with this said,

it does not appear that the Defendant is challenging the constitutionality 15 U.S.C. § 1673 but is

instead seems to by implying that the domestic relationship exception applies as construed by the

Supreme Court, "the domestic relations exception encompasses only cases involving the issuance

of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 704

(1992).

9

However, no where in the complaint does Michael McNeil, the Plaintiff attack the
issuance of the divorce, alimony or child custody decree, but is instead attacking the Defendant,
his employer's actions concerning garnishment orders issued by the state court for alimony and
child support and how his employer failed to follow federal law in withholding more than what
the federal law permits.

In short, the questions that are before this court arise completely out of federal statutes
and stand apart from any state law or state court orders.

However, for lack of finding authoritative case references concerning the allegations that
the Michael McNeil has made against the Defendant for failure to follow the law concerning
garnishment withholding the Defendant relies upon non authoritative cased law that have nothing
to do with garnishment, or the cases where dismissed due to jurisdictional issues filed by Pro Se
litigants in non Fourth Circuit courts such as the following references that the Defendant brings
before this court:

> Haines v. General Motors Corp., 603 F.Supp. 471, 473-74 (S.D. Ohio 1984),
> which for relies upon Martin v. Supreme Court of State of N.Y., 644 F.Supp. 1537,
> 1543 (N.D.N.Y.1986), this case involved a Pro Se Litigant which failed to meet
> the pleading requirements.

> Steele v. Steele, Case No. 10–CV–40–KSF, 2011 WL 2413400, at *5–6 (E.D. Ky.
> June 10, 2011), a case where the Plaintiff tried to get his divorce/contempt case

10

removed from state court to federal court where he was challenging the state court's ruling.

An unpublished Fourth Circuit Court Ruling Flesher, 872 F.2d, where a litigant was asking for the District Court's review of terminating alimony whereas the court stated that they have no jurisdiction to review the matter.

Broessel v. Hutchinson, Case No. 5:10–0008, 2010 WL 3521564, at *6 (S.D. W.Va. Aug. 12, 2010), a case where as the Plaintiff asked the Federal Court to remove a state court judge, clearly a case where the federal court lacked jurisdiction.

With the all the above stated, it is interesting that right after the Defendant tries to explain to this court that it lacks jurisdiction because of the "domestic relationship exception", which is rooted in the fact that the Federal Constitution is a limited constitution, which according to the Defendant means the Federal Government has absolutely no right to involve itself in domestic relationship issues, the Defendant on argues that the Plaintiff can not maintain a private cause of action simply because "the Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, is responsible for the enforcement of the Credit Consumer Protection Act (CCPA)." (ECF 10 pages 9 & 10)

11

Therefore, the Defendant first argues that this Court has no jurisdiction concerning 15 U.S.C. § 1673 and then it argues that though a Federal Court like this one has no jurisdiction, that somehow the Secretary of Labor has jurisdiction to enforce the CCPA.  It seems here that the Defendant wants to take away any oversight that this court may have over the CCPA and give it only to the Secretary of Labor by first informing the court that since a garnishment is for a domestic support that this court has no jurisdiction, and then it says another part of the federal government has the sole duty for enforcing 1673.  The Plaintiff believes that this argument is disingenuous in that this court has authority to review anything that another branch of the federal government find under its preview by  federal statues along with the fact that this complaint has little or nothing to do with the amounts so ordered by a state court  that the Plaintiff has to pay, but instead is only about how the Defendant complies with federal garnishment caps when following any sort of garnishment order.

### B. Concerning Defendant's Argument that The Amended Complaint Should be Dismissed for Failure to State a Claim under 15 U.S.C. § 1673.

Here the Defendant makes a confusing argument, in that the Defendant asks the court to dismiss the Amended Complaint for Failure to State a Claim under 15 U.S.C. § 1673 pursuant to FRCP 12(b)(6), and then concludes his argument by stating that only the Secretary of Labor is responsible for the enforcement of 15 U.S.C. § 1673.  Here, Michael McNeil believes that the Defendant is either confused or is again being disingenuous due to the fact that the argument that

12

the Defendant is making is really that of standing.

However, with this said, it does not seems that the Defendant in his argument is challenging the Plaintiff's complaint based off Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir.1997), but is instead challenging Michael McNeil's standing by citing various cases where those courts stated that there was no "implied cause of private action".   Therefore, it would seems that the Defendant's whole argument on whether this Plaintiff has standing to bring this matter before this court turn on whether or not 1673 gives Michael McNeil a right of private action.  Admittedly, 1673 does not spell out that Michael McNeil has a right of private action under that statute, but that does not mean that there is not an implied right of private action.

The standard of review set forth by Supreme Court is a four-prong test which it has modified. Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).. E. g., California v. Sierra Club, --- U.S. ----, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981); Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO, --- U.S. ----, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981); Touche Ross & Co. v. Redington, 442 U.S. 560, 575-576, 99 S.Ct. 2479, 2488-89, 61 L.Ed.2d 82 (1979).

In determining whether a federal statute creates an implied private cause of action, the ultimate issue is whether Congress intended to create that implied private remedy. E. g., Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO, supra, 101 S.Ct. at 1580; Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16, 100 S.Ct. 242, 244-45, 62 L.Ed.2d 146 (1979).

The four Cort factors, rather than constituting considerations entitled to equal weight, have been reduced to "the criteria through which this intent could be discerned." California v. Sierra Club, supra, 101 S.Ct. At 1779.

In ascertaining congressional intent, the first consideration is the language of the statute. E. g., id. at 1779; Touche Ross & Co. v. Redington, supra, 442 U.S. at 568, 99 S.Ct. at 2485.

In Touche Ross & Co. v. Redington, supra, 442 U.S. at 569, 99 S.Ct. at 2486, the Supreme Court held that section 17(b) of the Securities Exchange Act of 1934, which does not proscribe any activity but rather merely imposes record-keeping requirements on broker-dealers, did not create an implied private cause of action. It, however, noted that where, as here, the statute prohibits certain conduct or creates federal rights in favor of private parties, a private right of action may be implied. Here, section 1673 of the Act expressly places maximum percentage amounts that can be withheld from an employee's paycheck.

In examining the Act's language, another relevant consideration is whether or not Congress enacted the statute to benefit a particular class of persons.  From the language in 1673 it is not difficult to discerns  that the only one who benefits from Congress placing maximum percentage amounts is that of the employee/debtor, however Congress not leaving to chance to who the clear beneficiary of this act also restated it in 1671 thus ensuring that this Plaintiff is to be in the class that should benefit from this act.

The Supreme Court reiterated that the Court consistently has found that Congress

14

intended to create a cause of action "where the language of the statute specifically confer(s) a right directly on a class of persons that include(s) the plaintiff in the case." Cannon v. University of Chicago, 441 U.S. 677, 690 n.13 (99 S.Ct. 1946, 1954 n.13, 60 L.Ed.2d 560) (1979). Conversely, it has noted that there "would be far less reason to infer a private remedy in favor of individual persons" where Congress, rather than drafting the legislation "with an unmistakable focus on the benefited class," instead has framed the statute simply as a general prohibition or command to a federal agency. Id. at 690-692 (99 S.Ct. At 1954-55).

University Research Association, Inc. v. Coutu, 450 U.S. 754, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981). Accord, California v. Sierra Club, supra, 101 S.Ct. at 1779; Cannon v. University of Chicago, supra, 441 U.S. at 690, 99 S.Ct. at 1954.

Here, section 1673 prohibits specific conduct and focuses on a particular benefited class. Thus, a congressional intent to create a private remedy can be inferred from the language of the statute itself.

A second relevant area of inquiry is the legislative history. The history here, however, is silent as to whether or not a private cause of action exists under section 1673. The Supreme Court has recognized that the legislative history of a statute that does not expressly create or deny a private cause of action typically will be equally silent or ambiguous on the issue. Cannon v. University of Chicago, supra, 441 U.S. at 694, 99 S.Ct. at 1956. Therefore, the "failure of Congress expressly to consider a private remedy is not inevitably inconsistent with an intent on its part to make such a remedy available." Transamerica Mortgage Advisors v. Lewis, supra, 444

15

U.S. at 18, 100 S.Ct. at 246.

The Defendant's reliance on the fact that the legislative history provides that enforcement of the statutory garnishment restrictions is "vested in the Secretary of Labor" is misplaced. That language merely recognizes that the Secretary of Labor is responsible for enforcing the sanctions expressly provided in the Act.    The Plaintiff is not contending that anyone but the Secretary of Labor has the authority to enforce the Act's administrative enforcement provisions. But that fact does not answer the question of whether private remedies can be implied in addition to the express statutory provisions.

In addition to an act's language and legislative history, the structure of the statutory scheme is relevant to the determination of Congress' intent. An implied private right of action under section 1673 would not be inconsistent with the statutory scheme of the Act.

Subchapter II of the Act, of which section 1673 is part, provides only for administrative civil remedies.  In contrast, Subchapter I of the Act, which was enacted on the same date and as part of the same law, contains administrative and private civil remedies.  One might conclude from this fact that Congress has evinced an intent not to create a private remedy under section 1673.  Additionally,  the Supreme Court has found that the fact that other provisions of a statute create express remedies is a reason not to imply a private remedy under the section in question. E.g., Transamerica Mortgage Advisors, Inc. v. Lewis, supra, 444 U.S. at 21, 100 S.Ct. at 248; Touche Ross & Co. v. Redington, supra, 442 U.S. at 571-572, 99 S.Ct. at 2487.  But the Supreme Court has also stated that the fact that other provisions of a complex statutory scheme create

16

express remedies has not been accepted as a sufficient reason for refusing to imply an otherwise appropriate remedy under a separate section.   Rather, the Court has generally avoided this type of "excursion into extrapolation of legislative intent,"  unless there is other, more convincing, evidence that Congress meant to exclude the remedy.  <u>Cannon v. University of Chicago, supra, 441 U.S. at 711, 99 S.Ct. at 1965</u> (citations omitted).

Here, there is no such convincing evidence of an intent to deny a private remedy-indeed, as noted above, there is evidence of an intent to the contrary.  Moreover, the availability of express remedies in other provisions of the same statute properly gives rise to an inference that no private implied remedy was intended only when the express remedies are directed at the same kind of conduct, are intended to benefit the same identifiable class, and are passed contemporaneously with the provision in question. See <u>Touche Ross & Co. v. Redington, supra, 442 U.S. at 572-574, 99 S.Ct. at 2487-88. Steinberg,</u>   Implied Rights of Action Under Federal Law, 55 Notre Dame Law 33, 47-48 (1979). When the express remedies in other provisions do not meet these criteria, no negative inference for implication should be drawn. To do so would establish a presumption that implied private rights are always disfavored. <u>Steinberg</u>, Implied Rights of Action Under Federal Law, supra, 55 Notre Dame Law at 47-48. Here, Subchapter I, which requires creditors to make full disclosure of their credit terms, was enacted for the benefit of all credit consumers. In contract, section 1673, Subchapter II, was enacted for the benefit of a discrete group of credit consumers-employees who have had their wages garnished-and it does not operate against creditors but rather, it prohibits employers from withholding to much from a protected

17

employees paycheck to satisfy an garnishment.

The purpose of the statute is also relevant to the resolution of the issue in this case. A private remedy should not be implied if it would frustrate the underlying purpose of the legislative scheme. Cannon v. University of Chicago, supra, 441 U.S. at 703, 99 S.Ct. at 1961; Cort v. Ash, supra, 422 U.S. at 84, 95 S.Ct. at 2091. But the Supreme Court has stated that "when the (implied) remedy is necessary or at least helpful to the accomplishment of the statutory purpose, the Court is decidedly receptive to its implication under the statute." (Emphasis added.) Cannon v. University of Chicago, supra, 441 U.S. at 703, 99 S.Ct. at 1961. Here, an implied private remedy would significantly further the goals of the Act.

A major purpose of section 1673 is to ensure employees receive some monies from their paycheck but places no criminal penalties upon those who violate the act, and 1676 only gives the Secretary of Labor an enforcement responsibility. The implication of a private civil remedy for violations of section 1673 in no way is inconsistent with or disrupts this enforcement scheme. There are no criminal penalties for violation of 1673, therefore no criminal prosecution can be disrupted.

A second major purpose of section 1673 is to protect against the frequently harsh consequences of garnishment. The legislative history reveals that Congress was concerned that "the garnishment of wages is frequently an essential element in the predatory extension of credit resulting in a disruption of employment, production, as well as consumption." U.S.Code Cong. & Admin.News, 90th Cong., 2d Sess., Vol. 2 (1968) at 1977.

18

In enacting section 1674, Congress expressed strong concern with the problems caused by wage garnishment, particularly the prospect of pushing overextended debtors into bankruptcy. It is doubtful that Congress would pass a statute that does nothing to avoid those harsh and unjust consequences once an employee's wages are garnished and not intend the employee a private right of action against those who would violate the act.

The Supreme Court has not always found persuasive the argument that a private remedy should be implied because it is necessary to advance the purpose of a statute. But in cases rejecting this necessity argument, the Supreme Court has found that Congress evinced a clear intent to deny a private cause of action or that the statute in question provided significant administrative or criminal enforcement mechanisms. In contrast, here Congress has indicated an intent to create-not deny-a private right of action. Additionally, section 1673's enforcement mechanism is inadequate to effectuate the Act's purposes. The Secretary of Labor's conciliation process is only an informal one. Moreover, there is no indication that the administrative remedies available to the Secretary  anything but an infrequent basis. And when one considers that there are no criminal penalties for violating 1673 it would seem that Secretary of Labor options for persuading a would be violator into compliance is limited.  The only way section 1673 can be enforced to effectuate its purpose is to permit individuals to pursue a private remedy. Hence, an implied private right of action must be recognized.

Another factor underlying the Supreme Court decisions finding that no private cause of action can be implied from a federal statute is the concern that such a remedy will open the way

19

for a new wave of litigation in the already overburdened federal courts. In many cases, this concern is understandable because the statute in question creates only a general prohibition or obligation without conferring a right in favor of a discrete class. If a private right of action was implied in such cases, nearly any private citizen meeting minimal standing requirements could bring suit.

Here, in contrast, the Act confers a federal right on a discrete group and, hence, the class of potential plaintiffs is limited. An implied right of action under section 1673 would only be available to those employees who's wages have been garnished beyond the limits of 1673 who could not resolve the dispute through the Secretary of Labor's conciliation program. Therefore, recognizing an implied private cause of action under section 1673 would not open the floodgates for substantially more litigation in the federal courts. See Cannon v. University of Chicago, supra, 441 U.S. at 717, 99 S.Ct. at 1971 (implied private right of action exists under section 901(a) of Title IX of the Education Amendments of 1972 which prohibits discrimination on the basis of sex in any education program receiving federal aid).

Finally, as the final factor specified in Cort, that is, whether the cause of action is traditionally a creature of state law, suggests that a private remedy should be implied here. One of Congress' reasons for placing restrictions on garnishment was because "(t)he great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country." 15 U.S.C. § 1671(a)(3). This language recognizes that the Act would affect some areas

20

traditionally addressed by state law, but Congress nonetheless enacted section 1673 to prevent

the problems caused by wage garnishments. Therefore, the fact that an implied private right of

action here perhaps may touch on areas traditionally regulated by state law is no reason to infer

that Congress did not intend to create a private remedy for violations of section 1673, but in fact

it seems that the opposite is true that the minimum wage law, Congress intent was to establish

minimum guaranteed protections for an employee so that the employee would receive at the very

least a certain percentage of his disposable wages.

### III.      Conclusion

The Defendants' motion to dismiss are not well founded in law and they are unable to

find a Supreme Court or Fourth Circuit Court ruling that can aid them in their arguments to

dismiss.  The Defendant's in their motion to dismiss try to cloud the issue with the fact that the

garnishment orders that they fail to follow in compliance with Federal Law originated from a

state court orders dealing with domestic support orders of which they are not a party to means

that this court can not hear the matter on how they violated the application of Federal Law on

how they are to follow any state court order is without merit.

Additionally, the Defendant's argument which relies on the fact that the federal statute

does not specifically give the Michael McNeil the right to sue for enforcement of a federal anti-

garnishment concerning his own paycheck is not well founded in that didn't even bother they to

21

even mention <u>Cort</u>  or the cases that the Supreme Court ruled on giving this court clear

instructions on how to apply Cort to determine if an implied right of action exist in the statue for

this Plaintiff's class, but instead relied upon dated rulings of other district courts.

Therefore, this court should deny the defendants' motions for dismissal.

Respectfully submitted,

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of August, 2013 I mailed a copy of the foregoing, first class, postage pre-paid to the following:

**John Edward McCann, Jr**
Miles and Stockbridge PC
100 Light St
Baltimore, MD 21202

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

23