**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **MICHAEL A. MCNEIL** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 1:13-cv-01501-WDQ** |
| **FEDERAL NETWORK SYSTEMS LLC,** | * | |
| **Defendant.** | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO
DISMISS THE AMENDED COMPLAINT**

Federal Network Systems LLC ("FNS") submits this Reply in further support of its Motion to Dismiss Plaintiff's Amended Complaint and in response to the Opposition filed thereto by Plaintiff, Michael McNeil.

**INTRODUCTION**

Dissatisfied with the alimony and child support orders of a state court, Plaintiff asks this Court to intervene in a matter over which it has no subject matter jurisdiction and for which he has no private cause of action.  In an effort to stave off dismissal, Plaintiff ignores federal precedent that support orders arising out domestic relations matters are exclusively a state concern not subject to federal court jurisdiction.  Equally flawed is Plaintiff's attempt to fabricate a private cause of action under 15 U.S.C. § 1673 of the Consumer Credit Protection Act ("CCPA") where none exists.  Notwithstanding Plaintiff's Opposition, this Court should dismiss this case.

## ARGUMENT

**I.     This Court Should Dismiss the Amended Complaint For Lack of Subject Matter Jurisdiction.**

In his Opposition, Plaintiff "whole hea[r]tedly agrees that [f]ederal [c]ourts . . . have absolutely no jurisdiction over domestic relation ma[tt]ers." (Pl. Opp., Dkt. No. 12, p. 9).[1] Instead, he contends that this action is not a "domestic relations matter" because the "Complaint does not attack the issuance of the divorce, alimony or child custody, but instead, attack[s] . . . how [his] employer failed to follow federal law in withholding more than the federal law permits." (*Id.*, p. 10).  Thus, by suing under a federal statute, 15 U.S.C § 1673, Plaintiff argues that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Contrary to Plaintiff's contention, the "domestic relations exception" to federal jurisdiction extends beyond divorce decrees and custody orders, so as to more broadly "include the determination of alimony and support obligations." *Flesher v. Waters*, 872 F.2d 417, at *1 (4th Cir. 1989) (unpublished table decision).[2] In the context of 15 U.S.C. § 1673, the domestic relations exception precludes federal subject matter jurisdiction over allegations of improper withholding of wages or other payments in compliance with state court alimony and support orders.  *See Steele v. Steele*, Case No. 3:10–CV–40–KSF, 2011 WL 2413400 (E.D. Ky. June 10, 2011); *Martin v. Supreme Court of State of N.Y.*, 644 F.Supp. 1537 (N.D.N.Y. 1986); *Haines v.*

---

[1] Hereinafter, Plaintiff's Opposition shall be cited pursuant to the corresponding docket no., to wit: "Dkt. No. 12, p. __".

[2] The rationale for extending the "domestic relations exception" to such causes of action is that "states have a strong interest in assuring that parents meet their support obligations" and . . . "[federal courts] [sh]ould be extremely reluctant to dismantle the . . . process[] for collection of past-due support payments previously ordered by a state court in a divorce proceeding in which both parties appeared and the jurisdiction of the court which issued the divorce decree is uncontested." *Martin v. Supreme Court of State of N.Y.*, 644 F.Supp. 1537, 1541 (N.D.N.Y. 1986).

*General Motors Corp.,* 603 F.Supp. 471 (S.D. Ohio 1984).[3]   Plaintiff cites no authority to contrary.

Notwithstanding Plaintiff's Opposition, his claims are "domestic relations matters" over which this Court has no subject matter jurisdiction.   This Court should dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.   This Court Should Dismiss the Amended Complaint for Failure to State a Claim under 15 U.S.C. § 1673 Because Plaintiff Lacks Standing.

Numerous federal courts have held that 15 U.S.C. § 1673 does not imply a private right of action for judgment debtors, such as Plaintiff.   (Dkt. No. 10, pp. 6-7).   Undeterred, Plaintiff endeavors to manufacture an implied right of action under § 1673 by applying the "*Cort* test" for determining whether a federal statute creates a private right of action.[4]  (Dkt. No. 12, p. 13). Plaintiff's reliance on the *Cort* test is misplaced as a matter of law.

Plaintiff concedes that "the ultimate issue" in determining whether a federal statute creates an implied right of action is whether Congress intended to create one.   *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-6 (1979); Dkt. No. 12, pp. 13-14.   By providing that only the Secretary of Labor can enforce § 1673, Congress has left no doubt "that it did not intend to create a private right of action under Subchapter II." *LeVick v. Skaggs*

---

[3] Without citing to a single authority to support his position, Plaintiff attempts to marginalize the impact of these cases by pointing out that they are "non-Fourth Circuit cases," *see* Dkt. No. 12, p. 1.   In the absence of controlling Fourth Circuit authority on the issue, however, this Court may look to persuasive authority from other federal district and circuit courts. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 752 (D. Md. 1997). *See also Premium of America, LLC v. Save POA, LLC*, Case No. WDQ–12–0580, 2012 WL 4480693, at *6 n.23 (D. Md. Sept. 27, 2012).

[4] The "*Cort* Test," established by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975), asks (1) whether the plaintiff is a member of the class of persons for whose benefit the statute was enacted; (2) whether the legislature has implicitly or explicitly manifested any intent to create or deny such a remedy; (3) whether it is consistent with the underlying purpose of the legislative scheme to imply such a remedy; and (4) whether the cause of action is traditionally a creature of state law such that inferring a cause of action based solely on federal law would be inappropriate. *Id.* at 78.

*Companies, Inc.*, 701 F.2d 777, 781 (9th Cir.1983). *See also Sheils v. Bucks County Domestic Relations Section*, Case No. 11–3315, 2013 WL 395488, at *13 (E.D. Pa. Jan. 31, 2013) (holding that since 15 U.S.C. § 1676 provides that the Secretary of Labor shall enforce the provisions of Subchapter II of the CCPA, "it is plain that" Congress did not intend to create a personal remedy thereunder).   This Court need not consider the *Cort* test when Congress itself unequivocally rejected a private right of action under § 1673.

Even those federal courts that have applied the *Cort* test to the CCPA have concluded — contrary to Plaintiff's argument — that an implied private right of action does *not* exist. *See, e.g., Smith v. Cotton Bros. Baking Co., Inc.*, 609 F.2d 738, 742-43 (5th Cir. 1980), *cert. denied*, 449 U.S. 821 (1980) (finding that under the *Cort* test no private remedy should be implied under Subchapter II of the CCPA); *McCabe v. City of Eureka, Mo.*, 664 F.2d 680, 682 (8th Cir. 1981) (applying the *Cort* test and concluding that no private right of action exists under Subchapter II of the CCPA); *Steele*, 2011 WL 2413400, at *5 (citing to and relying upon the analysis set forth in *McCabe*).[5] Plaintiff's reliance on the *Cort* test is both misplaced and otherwise unavailing.

Plaintiff is also wrong that the Secretary of Labor is responsible solely for enforcing the sanctions expressly provided under the CCPA while individuals may pursue alternative private remedies.   The Secretary of Labor is exclusively responsible for pursuing *any* remedy under the CCPA, not just "sanctions." *See Mair v. Office of Recovery Services*, Case No. 2:12–cv–00473, 2012 WL 7060822, at *2 (D. Utah, Nov. 13, 2012) (concluding that "neither Section 1673 nor

---

[5] In his Opposition, Plaintiff cites no authority for his position that the CCPA gives rise to private cause of action. In its research, FNS has found only one case from the Middle District of Tennessee that applied the "Cort test" to find that a private cause of action exists under Subchapter II of the CCPA. *Ellis v. Glover & Gardner Construction Co.*, 562 F.Supp. 1054 (M.D. Tenn. 1983).   The *Ellis* decision, of course, is not binding on this Court and, in any event, adopts a position that has been rejected by the weight of authority from other federal courts.   Moreover, the *Ellis* case involved a provision of the CCPA that precludes employee discharge upon receipt of a wage garnishment, not the provision the statute at issue here.   Thus, notwithstanding *Ellis*, the weight of federal authority, in the specific context of the claims asserted here, holds that Plaintiff has no private cause action against FNS under 15 U.S.C. § 1673.

any provision of the Consumer Credit Act that addresses garnishments provides for a private right of action *for damages*") (emphasis supplied); *Burris v. Mahaney*, 716 F.Supp. 1051, 1058 (M.D. Tenn. 1989) ("there is no implied private cause of action *for damages* resulting from a violation of 15 U.S.C. § 1673") (emphasis supplied).

As Plaintiff has no private cause action under § 1673, he has no standing to bring this suit against FNS.  This Court should dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a clam upon which relief can be granted.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons and those set forth in its initial Motion to Dismiss, FNS respectfully requests that this Court dismiss the Amended Complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and grant such other and further relief this Court deems just and proper.

Respectfully submitted,

_____/s/_____
John E. McCann, Jr., (Fed. Bar No. 10028)
Jessica A. duHoffmann (Fed. Bar No. 26149)
Menachem Lanner (Fed. Bar No. 29808)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, Maryland 21202
Telephone: (410) 727-6464
Fax: (410) 385-3700
jmccan@milesstockbridge.com
jduhoffm@milesstockbridge.com
mlanner@milesstockbridge.com

*Counsel for Defendant,*
*Federal Network Systems LLC*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of August, 2013, I caused the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE AMENDED COMPLAINT** to be served via first class mail on the following:

> Michael A. McNeil
> 7014 Gentle Shade Road
> Apt. 402
> Columbia, MD 21046
> *Pro Se* Plaintiff

> */s/ Menachem Lanner*
> Menachem Lanner