IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MICHAEL A. MCNEIL, *

    Plaintiff, *

        v.                        CIVIL NO.: WDQ-13-1501

FEDERAL NETWORK SYSTEMS, LLC, *

    Defendant. *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Michael A. McNeil, *pro se*, sued Federal Network Systems, LLC ("FNS") for excessively garnishing his wages in violation of the limits set by 15 U.S.C. § 1673.[1] ECF No. 1. Pending is FNS's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. ECF No 10. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be granted.

---

[1] Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.*

I.  Background[2]

From 1998 until the present, McNeil has worked for FNS as a Network Engineer. See ECF No. 6 ¶ 6.

On December 27, 2010, the Circuit Court for Howard County, Maryland ordered McNeil to pay $1051 per month in child support and $3000 per month in alimony.[3] Id. ¶¶ 7-9. "In accordance with" these orders, the state court ordered McNeil's paycheck garnished to satisfy his support obligations.[4] See id. ¶¶ 9, 12. As a result, McNeil "is no longer able to pay his monthly expenses," including his monthly rent of $1550, "food expenses, [transportation] expenses of a[n] 80 mile commute per work day, and utility bills." Id. ¶ 23. On May 10, 2012, McNeil filed for Chapter 13 bankruptcy relief. Id. ¶ 22.

---

[2] The facts are taken from the amended complaint. ECF No. 6. For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[3] McNeil was also ordered "to cover both his children under his employer's medical and dental plans." ECF No. 6 ¶ 13.

[4] McNeil contends that the Circuit Court's support orders "recognize[] that the amounts" exceed the limits on garnishment set by § 1673. ECF No. 6 ¶ 18. Accordingly, he contends that "the order is unenforceable" under § 1673 "since it willfully orders amount[s] greater than the maximum" authorized garnishment. Id.

On May 9, 2013, McNeil contacted FNS's payroll department, and spoke to Alicia R. Johnson. *Id.* ¶ 24. McNeil told Johnson that FNS was withholding "too much . . . for alimony and child support and that the company was violating 15 USC § 1673." *Id.* McNeil asked Johnson for a copy of the garnishment order, which she agreed to email to him. *See id.* Although McNeil twice reminded her to send him the order, she "refused to send it." *Id.*

On May 22, 2013, McNeil filed suit in this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[5] ECF No. 1 ¶ 2. On June 19, 2013, McNeil filed an amended complaint, asserting 27 counts of violations of § 1673.[6] ECF No. 6 at 5-27. Each count refers to a separate paycheck, earned by McNeil between June 9, 2012 and June 8, 2013, and alleges the amount of McNeil's disposable earnings, the total amount

---

[5] Section 1331 grants the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." McNeil contends that this action "aris[es] under" § 1673. ECF No. 6 ¶ 24.

[6] Section 1673 restricts the amount of disposable earnings that may be garnished from an individual's paycheck. If the garnishment is pursuant to court order "for the support of any person," between 50% and 65% of the paycheck may be garnished depending on the person being supported and the type of earnings being garnished. *See* § 1673(b). McNeil alleges that "[a]ny order from any entity from the State of Maryland that violates 15 USC § 1673 is void and unenforceable . . . and any employer who obey[s] such order is doing so in the absence of law." ECF No. 6 ¶ 17.

garnished from the paycheck, and the amount withheld allegedly in violation of § 1673. *See id.* For each count, McNeil seeks damages in the amount of the excess withholding, court costs, and an injunction permanently enjoining FNS from "obeying any court order which violates" § 1673.[7] *See, e.g., id.* at 27.

On July 22, 2013, FNS moved to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction. ECF No. 10. On August 7, 2013, McNeil opposed the motion. ECF No. 12. On August 26, 2013, FNS replied. ECF No. 13.

## II. Analysis

### A. Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

---

[7] McNeil styles each pleading as a complaint and "Request For [Permanent Injunction]." See ECF Nos. 1, 6. Although his amended complaint has been docketed, in part, as a motion for a permanent injunction, this may have been done in error as McNeil did not file a brief to support his "request[ed]" relief. See ECF Nos. 6, 7. Because the Court will dismiss his complaint for lack of jurisdiction, the docketed motion for permanent injunction will be denied as moot.

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. Subject Matter Jurisdiction

FNS contends that this Court lacks jurisdiction over McNeil's claim, because this is a domestic relations matter.[8] See ECF No. 10 at 7. McNeil contends that "this matter is not about how much alimony or child support [he] is ordered to pay, but instead on how the Defendant has violated Federal Law in following a garnishment order." ECF No. 12 at 11.

Although not directly briefed by the parties,[9] the Court finds that McNeil's claims implicate the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is jurisdictional; thus, it must be addressed first.[10] See id. at 196.

The Rooker-Feldman doctrine bars lower federal courts from considering issues raised and decided in the state courts, as well as issues that are "inextricably intertwined" with the

---

[8] Because the Court will conclude that it lacks jurisdiction under Rooker-Feldman, it will not decide whether it also lacks jurisdiction on grounds that this is a "domestic relations matter[]." See ECF No. 10 at 7. FNS does not cite, and the Court could not find, any Fourth Circuit case holding that district courts lack jurisdiction over § 1673 claims implicating state court support orders because they involve "domestic relations."

[9] See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 195 (4th Cir. 2002) (federal courts may raise sua sponte questions of the applicability of Rooker-Feldman) (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n. 5 (4th Cir. 1997)).

[10] As the Court lacks jurisdiction over McNeil's claims under Rooker-Feldman, it will not address FNS's arguments that McNeil's claim fails on the merits because 15 U.S.C. § 1673 does not create a private cause of action. See ECF No. 10 at 8-10.

issues that were before the state court. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (internal quotation marks omitted). The doctrine applies when: (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of "injuries caused by state-court judgments;" (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff "invit[es] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 288-89 (4th Cir. 2013). The doctrine applies to final and interlocutory state court orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000) (citing *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 138 (2d Cir. 1997)). Also, the doctrine applies regardless of whether "the state-court loser [argued] to the state court the basis of recovery that he asserts in the federal district court." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 717-19 (4th Cir. 2006).

Here, McNeil objects to FNS's compliance with court orders requiring garnishment of his paycheck to comply with separate court orders requiring McNeil to pay child support and alimony. *See* ECF Nos. 6 ¶¶ 9, 16-18; 12 at 5. As his paycheck was being garnished as early as June 2012, these court orders became final before McNeil filed this suit. *See* ECF No. 6 at 5. Finally, by

evaluating the legality of FNS's court-ordered garnishment of McNeil's wages, or by enjoining FNS from obeying state court orders, the Court would be reviewing the legality of state court orders authorizing the garnishment.[11]  See ECF No. 6 at 27. McNeil is "seek[ing] redress for an injury caused by the state-court decision itself."  See *McAllister v. N. Carolina*, 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (concluding that *Rooker-Feldman* applied, because "[a]t its core, [Plaintiff's] complaint challenges the state-court decisions concerning his child support"); *see also, e.g.*, ECF No. 6 ¶ 18 (alleging that the Circuit Court child support and alimony orders are "unenforceable" because they order payments in excess of the garnishment limits set by § 1673).  Accordingly, *Rooker-Feldman* applies, and the Court lacks jurisdiction over McNeil's claims.[12]  The Court will grant FNS's motion to dismiss for lack of jurisdiction.

---

[11] *See, e.g., Briggman v. Virginia, Dep't of Soc. Servs., Div. of Child Support Enforcement*, 526 F. Supp. 2d 590, 601 (W.D. Va. 2007) (dismissing claims against state court judges under *Rooker-Feldman* when plaintiff alleged that the judges retrospectively modified child support orders illegally); *Stratton*, 521 F. App'x at 289-90 (dismissing claim under *Rooker-Feldman* when plaintiffs sought an injunction against state court orders which, *inter alia*, terminated plaintiffs' parental rights).

[12] Because *Rooker-Feldman* bars the Court's jurisdiction, McNeil may only seek relief from the garnishment order in state court or from the United States Supreme Court.  See *Friedman's*, 290 F.3d at 196.

III. Conclusion

For the reasons stated above, the defendant's motion to dismiss will be granted, and the plaintiff's motion for a permanent injunction will be denied as moot.

_1/17/14_
Date

_/s/_
William D. Quarles, Jr.
United States District Judge